ORIGINAL WHA

FILED

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name Tatum Irvin T
(Last) (First) (Initial)

Prisoner Number #E 20208

Institutional Address Pelican Bay State Prison; Po Box 7500 Crescent City, Calif. 95531

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Irvin Terrell Tatum
(Enter the full name of plaintiff in this action.)

vs.

Chris Wilber
Diane Depew
Robert Horel
D. James
(Enter the full name of the defendant(s) in this action)

CV 08 2357 WHA (PR)

Case No.
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, Title 42 U.S.C § 1983**

***[All questions on this complaint form must be answered in order for your action to proceed..]***

I. Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement Pelican Bay State Prison

B. Is there a grievance procedure in this institution?

YES (X) NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?

YES (X) NO ( )

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal PBSP-S07-01693; PBSP-S07-01859; PBSP-S07-01267; PBSP-A07-01410; PBSP-S07-02161; PBSP-S07-02324; PBSP-S07-01905; PBSP-B07-00126; Appeals Denied

2. First formal level All Appeals Denied at this level

3. Second formal level All Appeals Denied at this level

4. Third formal level All Appeals Denied at this level

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (●) NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. All claims raised herein were presented to all levels of administrative appellate review and was denied and screened out as an exhaustion.

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

Irvin Terrell Tatum; Pelican Bay State Prison Po Box 7500; Crescent City, CA 95531

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

Chris Wilber (Appeals Coordinator); Diane

Depew (Mailroom Supervisor); Robert Horel (Warden); D. James (Correctional Lieutenant); Each defendant herein is employed at Pelican Bay State Prison, Po Box 7000, Crescent City, CA 95531.

III. Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

I

Administrative Appeals

1. Defendant, Chris Wilber have willfully and intentionally refused to process Plaintiffs administrative appeals with meritorious issues in the attempt to protect Pelican Bay State Prison officials from being sued and held liable in a court of law for violating

(Continued on next page)

IV. Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

Plaintiff hereby request for the following relief to be granted: (1) Compensatory damages according to proof; (2) Punitive damages in the amount of $10,000.00

Plaintiffs constitutional rights guaranteed under the United States Constitution.

2. On August 9, 2006 Plaintiff was transfered from California State Prison-Sacramento (CSP-Sac.) to Pelican Bay State Prison (PBSP). And on August 26, 2006 correctional officer S. Burris conducted a search of Plaintiffs personal property that were in boxes, and found Plaintiffs wedding ring and religious chain that he attempted to hide to prevent said items from being stolen by staff. C/o S. Burris confiscated Plaintiffs ring and chain and allegedly placed said items in an evidence locker.

3. Plaintiff later filed an administrative appeal with Defendant, Chris Wilber to be processed, in the attempt to obtain his wedding ring and religious chain, but Defendant, Wilber refused to processed said appeal. Plaintiff then forwarded said appeal to all levels of administrative review to exhaust his claims in the attempt to obtain relief.

4. On May 13, 2007 Plaintiff submitted an administrative appeal to Defendant, Wilber

(Continued on next page)

to be processed to contest an issue of being denied meaningful access to the Court. Defendant, Wilber refused to process said appeal, so Plaintiff then forwarded said appeal to all levels of administrative review to exhaust his claims in the attempt to obtain relief.

5. On May 14, 2007 Plaintiff submitted an administrative appeal to Defendant, Wilber to contest an issue of Plaintiff being denied the right to have access to spend his personal funds in his prison trust account. Defendant, Wilber refused to process said appeal, so Plaintiff then forwarded said appeal to all levels of administrative review to exhaust his claims in the attempt to obtain relief.

6. On July 11, 2007 and July 17, 2007 Plaintiff submitted appeals to contest being denied medical treatment and denied the right to "Doctor/Patient Confidentiality". Defendant, Wilber refused to process said appeals, so Plaintiff then forwarded said appeals to all levels of administrative review to exhaust his claims in the attempt

(Continued on Next Page)

to obtain relief.

7. Due to Plaintiff filing numerous Administrative appeals and assisting other inmates with legal matters, Pelican Bay State Prison officials classified Plaintiff as a "Jailhouse Lawyer" and have been a target for reprisals by staff, who began witholding, returning and discarding Plaintiff's incoming and outgoing correspondence (mail) to disrupt his communication and connection with his family, friends and members of his community.

## II

## Mail- Correspondence

8. Defendant, Diane Depew and other prison officials at Pelican Bay State Prison have been and continue to withold, discard and disrupt Plaintiff's right to correspond with the outside world, which has caused serious emotional and mental problems of Plaintiff which has negatively affected his behavior and attitude.

(Continued on Next Page)

9. Since Plaintiff began filing administrative appeals against prison officials and their policies, Defendant, D. Depew and other prison officials started a process of disrupting Plaintiff's correspondence with his family, friends and members of his community, which is reflected in the facts described herein and other documents maintained by prison officials.

10. Before Plaintiff arrived at Pelican Bay State Prison, in August, 2006 he was granted written authorization by the appropriate prison officials to correspond with inmate witnesses due to Plaintiff's pending legal matters in the U.S. District Court in the Eastern District of California. Plaintiff was given authorization to be able to correspond with the following inmates: A. Brooks #E06210; J. Sherrill #K19211; J. Green #E28774 and G. Ervin #D30491. Defendant, Robert Horel refuse to allow Plaintiff to correspond or contact his witnesses, thus obstructing Plaintiff from the ability to appropriately prepare his case for trial.

(Continued on next page)

11. Plaintiff has been attempting to maintain correspondence with his friend, Shannon Anderson Whitney and has discovered that Defendant, D. Depew and other prison officials have been confiscating and withholding said letters which plaintiff discoved sometime in June 2007.

12. Plaintiff has been attempting to maintain correspondence with his sisters, Tonya Tatum and Sangria Patton and Defendant, D. Depew and other prison officials have not been mailing Plaintiffs letters to his sisters which was discovered when Plaintiff received a letter from his sister, Tonya stating that she was worried about Plaintiff because she had not heard from him. Plaintiff received said letter in May, 2007.

13. Plaintiff has been attempting to maintain correspondence with his daughter Shaun'Terell Tatum and niece, Jamelia Tatum but discovered that Defendant, D. Depew and other prison officials have been returning letters sent by Plaintiffs daughter and niece back to them with a notice to inform that Plaintiff has

(Continued on next page)

been "Discharged" (Paroled) which was false. Plaintiff discovered that prison officials were returning letters sent by family members sometime in November 2006.

14. Plaintiff has been attempting to maintain correspondence with his friend Angelique Evans and sometime in the month of August, 2007 Plaintiff discovered that Defendant, D. Depew and other prison officials returned Ms. Evans back informing her that Plaintiff has been "Discharged" (Paroled) from prison which was false.

15. In the month of June, 2007 Plaintiff attempted to correspond with his friend A. Evans and later discovered that Defendant, D. Depew did not mail said letter and it was returned to Plaintiff, two months later on August 28, 2007.

16. Defendant, D. Depew and other prison officials have been opening and reading confidential legal mail addressed to

(Continued on Next Page)

Plaintiff, sent by law firms, thus infringing upon Plaintiffs rights to confidentiality between him and legal counsel. Such actions by the defendants have occured on numerous occasions, but Plaintiff made a specific note about such matters in August, 2007.

17. Plaintiff has not received any correspondence (letters) from his sisters and daughter in over five months which is not normal. Plaintiff strongly content that prison officials at Pelican Bay State Prison are purposely hindering, obstructing and disrupting Plaintiffs correspondence to "break down" and disban his strong family and community support. which has cause serious relationship problems between Plaintiff and his family and friends and has caused Plaintiff to suffer from emotional distress, which has been noted and documented by the medical staff.

(Continued on next page)

# III
# Books- Publications

18. In the month of November, 2007 Pelican Bay State Prison officials, confiscated All of Plaintiff's legal books and disposed said books. Defendant, Robert Horel sanctioned for such actions to be carried out despite Plaintiff's objections and complaints. Because of the Defendants acts and omissions Approximately twenty-three of Plaintiffs legal books and magazines were disposed which effectively hindered Plaintiffs ability to litigate matters in an efficeint manner.

19. Defendant, Robert Horel have restricted the number of Personal books and magazines that Plaintiff shall be allowed to possess. Plaintiff is only allowed to possess no more than five books or magazines, total which infringes upon Plaintiffs right to be able to receive his full magazine subscription (12 issues) and restricts Plaintiff's ability to educate himself in various subjects or matters.

(Continued on Next Page)

20. The five maximum limit book restriction imposed on Plaintiff serves no legitimate penalogical interests and violates Plaintiff rights pursuant to the First Amendment to the United States Constitution.

## IV
## Retaliation

21. The Defendants and other Pelican Bay State Prison officials have abused their positions of power and authority to retaliate against Plaintiff for filing Administrative Appeals against staff and to contest their policies. Such retalitorial actions have been in the form of hindering and disrupt Plaintiffs correspondence; confiscating and disposing his legal books and filing false charges in prison disciplinary matters.

22. The Defendants, with the involvement of other prison officials retaliated against Plaintiff by falsely charging him with an unsubstantiated Act of "Attempted Murder"

(Continued on next page)

based on a minor "cell-fight" Plaintiff had with his cellmate. No weapons were involved, nor were any major injuries sustained. The incident was just a "fist-fight" and the Defendants used said incident as an opportunity to have Plaintiff placed in solitary confinement for twenty-six months.

23. Prison officials called in a retired correctional staff, Defendant, D. James to conduct Plaintiffs prison disciplinary hearing for the bogus charge of "Attempted Murder". Defendant, James abused his position by finding Plaintiff guilty for "Attempted Murder" based on a "fist-fight" and Plaintiff was ordered to serve a twenty-six term in solitary confinement as punishment, where Plaintiff is currently housed.

24. Approximately one week after Plaintiff had the "cell-fight", he wrote letters to his family and friends freely expressing his mental distress, and prison officials refused to mail said letters and used said letters to falsely charge Plaintiff with

(Continued on next page)

"Threating a Public Official" which was completely false and was a retalitorial action against Plaintiff in order to place him in solitary confine, which was done as punishment.

25. Defendant, R. Horel subjected Plaintiff to discriminatory treatment and cruel and unusual punishment by ordering his staff not to provide Plaintiff with adequate clothing, to protect himself from cold climate while Plaintiff was housed in Administrative Segregation. Plaintiff was deprived of a rain jacket, watch cap and a coat with insulation. All other inmates at Pelican Bay State Prison were provided such clothing except Plaintiff. Thus Plaintiff was subjected to cold weather and became sick on numerous occasions due to the lack of adequate clothing.

26. Prison officials at Pelican Bay State Prison have made verbal threats to cause Plaintiff problems and disrupt his program

(Continued on Next Page)

which is being perpetuated to this day. Plaintiffs written communication with his family and members of his community have been completely cut off and disrupted by the defendants, which has caused Plaintiff emotional distress and in fear of his life and safety.

Plaintiff, Irvin T. Tatum hereby declare under the penalty of perjury that the facts set forth in paragraphs 1 through 26 incorporated herein is true and correct

Executed on the 29th day of April, 2008.

I Terrell Tatum

Irvin Terrell Tatum
Plaintiff In pro se

from each Defendant; (3) General damages; (4) Pay filing fees and other costs or expenses related to this civil complaint; and (5) Issue a Preliminary Injunction to transfer Plaintiff to another prison.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 29th day of April, 2008

[signature]

(Plaintiff's signature)


# PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, IRVIN TATUM, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the 29th day of April, in the year of 2008, I served the following documents: (set forth the exact title of documents served)

42 USC 1983 Civil Complaint

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

Clerk of the
U.S. District Court
Northern District of Calif.
450 Golden Gate Ave.
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 29th day of April, 2008.

Signed: [signature]
(Declarant Signature)

Rev. 12/06



Irvin Tatum #E20208
SHU #C8-124
Po Box 7500
Crescent City, CA 95531
April 29, 2008

U.S. District Court
Northern District of Calif.
450 Golden Gate Ave.
San Francisco, CA 94102

Confidential Legal Mail

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT
UNIT

#2