FILED
MAY 2 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN TERRELL TATUM, | No. C 08-2357 WHA (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLIANT WITH LEAVE TO AMEND** |
| v. | |
| CHRIS WILBER, DIANE DEPEW, ROBERT HOREL, AND D. JAMES, | |
| Defendants. | |

Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the filing fee.

**DISCUSSION**

A. **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

**1.   Administrative Appeals**

Federal law provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff contends that defendant Wilber refused to process several administrative appeals with the intention of making it impossible for him to comply wiht the exhaustion requirement quoted above, and thus preventing him from suing in federal court. He claims that she thereby violated his constitutional right of access to the courts.

To state an access-to-courts claim a prisoner must allege that he or she suffered an "actual injury," defined as being prevented from pursuing a non-frivolous claim concerning his or her conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). This plaintiff has not done, so this claim

must be dismissed with leave to amend.

**2. Mail**

In his second claim plaintiff contends that defendant Depew, the mailroom supervisor, has interfered with his mail in retaliation for his administrative appeals. Plaintiff does not allege that her actions did not advance a legitimate penological goal, so it must be dismissed with leave to amend. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

Plaintiff also alleges that Depew has opened incoming legal mail from his attorneys outside his presence. This is sufficient to require a response. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government).

Plaintiff alleges that defendant Horel, the warden, withdrew previously-granted permission to correspond with certain inmates in regard to litigation he has pending in the United States District Court for the Eastern District of California, thereby interfering with his access to the courts. Again, as with all access-to-courts claims, plaintiff must allege actual injury. *Lewis*, 518 U.S. at 354-55; *Sands*, 886 F.2d at 1171. Because he has not done so, this claim must be dismissed with leave to amend.

**3. Books**

In his third claim plaintiff alleges that Horel ordered the confiscation of his law books, violating his right of access to the courts. Again, plaintiff must amend to allege actual injury.

Plaintiff also contends that Horel limited the number of personal books or magazines he is allowed to possess to five, and did so without a legitimate penological purpose, thus violating his first amendment rights. This claim is sufficient to require a response.

**4. Retaliation**

In his fourth claim plaintiff alleges that he was retaliated against in various ways for

3

filing administrative appeals. As with one of the claims discussed in section two above, he has not alleged that the retaliatory actions did not advance legitimate penological goals. In addition, he does not make clear exactly which defendants are alleged to have engaged in which retaliatory act, but rather refers generically to "defendants" and "prison officials." It may be that he intends to allege that all of the defendants were involved in the retaliatory acts, but if so he should take care that in the amendment he includes sufficient facts as to each of the defendants to make it "plausible" that they engaged in retaliation for his exercise of First Amendment rights. This claim will be dismissed with leave to amend.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must carry the caption and case number used at the top of the first page of this order and the words AMENDED COMPLAINT. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present, including those which have been identified above as sufficient to require a response. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of the case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 22, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\TATUM2357.DWLTA.wpd

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

IRVIN T. TATUM,

        Plaintiff,

v.

CHRIS WILBER et al,

        Defendant.

Case Number: CV08-02357 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Irvin T. Tatum
E-20208/ C8-124
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95531

Dated: May 23, 2008

*MNarcisse*

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk