FILED
JUL 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Original

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  TATUM           IRVIN         T
      (Last)          (First)       (Initial)

Prisoner Number  # E 20208

Institutional Address  Po Box 7500; Crescent City, CA 95531

===========================================================

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IRVIN Terrell TATUM
(Enter the full name of plaintiff in this action.)

vs.

Chris Wilber et al

(Enter the full name of the defendant(s) in this action)

Case No.  C08 · 2357 WHA
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
Title 42 U.S.C § 1983**

Amended Complaint

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.  Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.  Place of present confinement  Pelican Bay State Prison

B.  Is there a grievance procedure in this institution?

    YES (■)    NO ( )

C.  Did you present the facts in your complaint for review through the grievance procedure?

    YES (■)    NO ( )

D.  If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

COMPLAINT                      - 1 -

1. Informal appeal _See Attached typed civil Complaint._

2. First formal level _"_
_"_
_"_

3. Second formal level _"_
_"_
_"_

4. Third formal level _"_
_"_
_"_

E. Is the last level to which you appealed the highest level of appeal available to you?

YES (⊗)   NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _N/A_

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

_Irvin T. Tatum; Po Box 7500; Crescent City, Calif. 95531_

B. Write the full name of each defendant, his or her official position, and his or her place of employment.

_(See the list of names of all defendants_

COMPLAINT — 2 —

1 | *Attached to the typed civil complaint).*
2
3
4
5 | III.    Statement of Claim.
6 |     State here as briefly as possible the facts of your case. Be sure to describe how each
7 | defendant is involved and to include dates, when possible. Do not give any legal arguments or
8 | cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9 | separate numbered paragraph.
10 | *See Attached Statement of Facts*
11
12
...
22
23 | IV.    Relief.
24 |     Your complaint cannot go forward unless you request specific relief. State briefly exactly
25 | what you want the court to do for you. Make no legal arguments; cite no cases or statutes.
26 | *See "Prayer For Relief" in Attached*
27 | *typed civil complaint.*
28

COMPLAINT            - 3 -

1  _____
2  _____
3  _____
4  _____

5    I declare under penalty of perjury that the foregoing is true and correct.

7    Signed this __10th__ day of __July__, 20 _08_

                                _____
                                (Plaintiff's signature)

COMPLAINT                    - 4 -

Irvin Tatum
CDC#E20208
PO Box 7500
Crescent City, CA 95531

Plaintiff in pro-se

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Irvin Tatum<br>　　　Plaintiff, | Case No. <u>C08-2357WHA(PR)</u> |
| vs | **AMENDED COMPLAINT** |
| Chris Wilber<br>Diane Depew<br>Robert Horel<br>D. James<br>M. Foss<br>M. Whitman<br>T. Hill<br>C. A. Uptergrove<br>　　　Defendants. | (Civil Rights 42 U.S.C. 1983) |

### I.
### Introduction

1.　　Plaintiff, a state prisoner representing himself in Propria persona in a civil complaint, pursuant to 42 U.S.C. section 1983 hereby submits this "Amended Complaint" as order by this Court.

### II.
### Jurisdiction

2.　　This is a civil rights complaint and this Court has jurisdiction pursuant to 42 U.S.C. section 1983 and 28 U.S.C. section 1331 and 1343.

1

## III.
## Parties

3.   Plaintiff, Irvin Tatum is a state prisoner housed at Pelican Bay State Prison at all times mentioned herein.

4.   Defendant, Chris Wilber is a correctional appeals coordinator, employed by Pelican Bay State Prison at all times mentioned herein.

5.   Defendant, Diane Depew is a correctional mailroom supervisor employed by Pelican Bay State Prison at all times mentioned herein.

6.   Defendant, Robert Horel is a correctional warden, employed by Pelican Bay State Prison at all times mentioned herein.

7.   Defendant, D. James was a retired correctional lieutenant employed by Pelican Bay State Prison at all times mentioned herein.

8.   Defendant, M. Foss is a correctional captain employed by Pelican Bay State Prison at all times mentioned herein.

9.   Defendant, M. Whitman is a correctional officer employed by Pelican Bay State Prison at all times mentioned herein.

10.   Defendant, T. Hill is a correctional officer employed by Pelican Bay State Prison at all times mentioned herein.

11.   Defendant, C. A . Uptergrove is a correctional captain employed by Pelican Bay State Prison at all times mentioned herein.

12.   Each of the Defendants named herein were acting under the color of state law at all times mentioned herein and are being sued in their individual and official capacity.

## IV.
## Statement of Facts

### Refusing To Process Plaintiff's Administrative
### Appeals Violates His Right To Appeal
### Under the First Amendment to the U.S. Constitution

13. Under section 3084.1 of the California Code of Regulations, Title 15, Plaintiff has the right to appeal any action, decision, condition or policy that is having an adverse effect upon his welfare.

14. Plaintiff has attempted to exercise his rights to file administrative appeals to contest prison policies, actions, and decisions but was purposely "stonewalled" by Defendant, Chris Wilber to prevent Plaintiff from seeking redress for his meritorious claim against prison officials.

15. Plaintiff has filed numerous administrative appeals against prison officials, their policies and misconduct, while Defendant, Chris Wilber abused his power, discretion and authority as the "appeals coordinator" by acting as a "buffer" to prevent Plaintiff and other inmates from being able to file meritorious claims in a court of law against prison officials, pursuant to 42 U.S.C. sections 1983 and 1997e.

16. Specifically on April 16, 2007, Plaintiff submitted an appeal with respect to his mail and Defendant Chris Wilber rejected it for no legitimate penalogical reason.

17. Specifically on May 13, 2007 Plaintiff submitted an appeal with respect to being denied access to the courts and Defendant, Chris Wilber rejected said appeal for no legitimate penalogical reason.

18. Specifically on July 11, 2007 Plaintiff submitted an appeal with respect to being denied medical treatment for a serious infection, Plaintiff contracted and said appeal was rejected by Defendant, Chris Wilber for no legitimate penalogical reason.

3

19. Specifically on September 20, 2007 Plaintiff submitted a "group appeal" with respect to an illegal prison policy to house inmates in the Security Housing Unit for an indeterminate term for reasons not related to "gang validation." Said appeal was rejected by Defendant, Chris Wilber for no legitimate penalogical reason.

20. Plaintiff is prevented from filing a meritorious civil complaint with respect to being denied medical treatment, under the deliberate indifference standards due to Defendant, Chris Wilber from stonewalling Plaintiff's administrative appeals, thus violating his constitutional rights to seek redress in a court of law.

### Refusing To Allow Plaintiff To Correspond Or Receive Correspondence Violates His First Amendment Rights To The U.S. Constitution

21. On numerous occasions Defendant, M. Foss and Defendant, Diane Depew have willfully and intentionally prevented Plaintiff from receiving or mailing written correspondence to his family, friends or members of his community for no legitimate penalogical interests and as a result Plaintiff has lost the support and communication from some of his family members and members of his community.

22. Specifically in the month of June of 2007, Plaintiff wrote his friend, Angelique Evans to be mailed to her by prison officials and after two months elapsed, Defendant M. Whitman returned said letter to Plaintiff informing him that he could not write her, for no legitimate reason.

23. Specifically in the month of June of 2007, Plaintiff wrote his friend Shannon Anderson-Whitney to be mailed to her by prison officials and Defendant, M. Whitman returned said letter to Plaintiff informing him that he could not write her for no legitimate penalogical reason.

24. Sometime in the month of September of 2007 Plaintiffs friend, Angelique Evans wrote him a letter and attempted to send him some paper and envelopes to use for correspondence and

4

Defendant, Diane Depew intentionally sent said letter and material back to Mrs. Evans and informed her that Plaintiff was discharged (paroled) from prison, which was completely false, and was done with the intention to disrupt and obstruct Plaintiff from corresponding with the outside world.

25.   Defendant, Diane Depew has been returning letters written by Plaintiff's daughter, Shaun Terel and his niece Jameila, informing them that Plaintiff has been discharged (paroled) from prison. This has been an ongoing mater that Plaintiff has appealed numerous times.

26.   Defendants, M. Whitman, in collusion with Defendant, Diane Depew and M. Foss has been willfully and intentionally obstructing Plaintiff from writing or receiving mail from his family and friends, which Plaintiff became aware of when he finally received a letter from his sister, Tonya Tatum and his daughter, Shaun Terel Tatum informing him what prison officials were doing with their letters whenever they tried to write Plaintiff.

27.   In the month of April 2007 through December of 2007 Defendants, M. Whitman, Diane Depew, M. Foss and other prison officials have been in collusion to disrupt Plaintiff's correspondence for no legitimate penalogical interests which has caused serious relationship problems between Plaintiff and his family, friends, and members of his community. And has caused Plaintiff to suffer from emotional distress and depression and have sought medical attention for his illness.

28.   Plaintiff later discovered that Defendant, M. Whitman was assigned to investigate and screen all of Plaintiff's mail.

**Confiscating Plaintiffs Letters Addressed To His Family And
Friends, Expressing His Personal Sentiments Violates
His First Amendment Rights To The U.S. Constitution**

29.     In the month of March 2007, Plaintiff was suffering from emotional and mental problems and wrote letters to his family and friends expressing his personal feelings and sentiments. Defendant, C. A. Uptergrove in collusion with other prison officials refused to mail Plaintiff's letters that were addressed to his family and friends (4 letters), Defendant, C. A. Uptergrove later filed a false report against Plaintiff for the specific charge of "Threatening a Public Official" based on letters Plaintiff wrote to his family that were confiscated by prison officials.

30.     Plaintiff did not threaten any public official whatsoever. Plaintiff freely expressed his personal sentiments to his family and friends that Defendant, C. A. Uptergrove took and used as the basis to file charges against Plaintiff falsely accusing him of threatening a public official, when there was no evidence to support such a charge when the letters where addressed to Plaintiff's family and friends not to a public official.

31.     Based on the false charges created by Defendant, C. A. Uptergrove, Plaintiff was found guilty at a prison disciplinary hearing without being present and ordered to be placed in solitary confinement for a period of 5 months.

32.     Plaintiff has a constitutional right to free speech and the freedom to write his personal sentiments and not be punished for expressing his personal sentiments in written letters addressed to his family.

### Opening and Reading Plaintiffs Confidential Legal
### Mail Violates His Constitutional Rights Under
### The First Amendment To The U.S. Constitution

33.     Defendant, Diane Depew and other mailroom staff have been and continue to open and read Plaintiff's incoming legal mail addressed to Plaintiff from legitimate law firms.

34.     Plaintiff is legally entitled to receive confidential legal mail from lawyers or law firms that must not be opened and read by prison officials.

6

35. The Defendant's have jeopardized the integrity of Plaintiff's civil actions pending in other courts by reading his legal mail written by law firms.

36. Defendant, Robert Horel has created a policy to authorize prison officials to read Plaintiff's and other inmates legal mail sent by law firms, despite the laws to protect lawyers-client confidentiality.

### Restricting And Limiting Plaintiff From Purchasing And Possessing Correspondence Material Violates His First Amendment Rights To The U.S. Constitution.

37. Defendant, Robert Horel has placed a limit on the amount of envelopes and writing material Plaintiff shall be permitted to purchase and possess that serves no legitimate penalogical interests.

38. Defendant, Robert Horel will only allow Plaintiff to purchase and possess no more than 40 envelopes and no more than 3 writing tablets, thus restricting Plaintiff from writing and sending no more than 40 letters each month and restricting Plaintiff from having an adequate amount of paper to do legal work, write books or publish other written material.

39. Based on the Defendant's restrictions placed on Plaintiff, he is restricted from corresponding with as many persons he seeks to correspond with, thus violating Plaintiff's First Amendment Rights to the U.S. Constitution and in violation of section 3130-3133 of the California Code of Regulations, Title 15.

40. Based on the Defendant's restrictions, Plaintiff has not been allowed to maintain meaningful and constant communication with all the people in his life, which has caused undue hardship on Plaintiff and his family and members of his community.

### Confiscating And Disposing Plaintiff's Legal Books Violated His First And Fourteenth Amendment Rights To The U.S. Constitution

41. In the month of November 2007, Defendant T. Hill confiscated all of Plaintiff's legal books and business books that posed no threat to institutional security.

42. Approximately 23 books were confiscated from Plaintiff and disposed of despite Plaintiff's verbal and written objections. And as a result Plaintiff lost an important source of information valued at over $600.00.

43. Plaintiff was not afforded any form of due process to contest the illegitimate actions taken by Defendant T. Hill.

44. Defendant, Robert Horel refused to allow Plaintiff to possess no more than 5 personal books and magazines, total for no legitimate penalogical interests or reason, thus hindering Plaintiff from educating himself in subjects or matters deem beneficial to his rehabilitation.

45. According to the California Code of Regulations, Title 15, sections 3190, Plaintiff is permitted to possess up to 6 cubic feet of personal property authorized by prison officials in accordance with the safety and security of the institution. Books, magazines and correspondence material pose no legitimate threat to the institution, and for Defendant, Robert Horel to place restrictions and limits below the 6 cubic property limit violates prison policy and regulations and the laws of the U.S. Constitution.

## V.
## Exhaustion of Administrative Appeals

46. With respect to all claims raised in the "Statement of Facts" herein, Plaintiff has filed and exhausted all administrative appeals pursuant to 42 U.S.C. section 1997(e).

47. The log numbers to all administrative appeals exhausted by Plaintiff are as follows: PBSP-S07-016931; PBSP-S-07-01267; PBSP-S07-02324; PBSP-S07-02598; PBSP-C07-02817; PBSP-S07-02161; PBSP-S07-01905; PBSP-A07-01416; PBSP-C08-00894; PBSP-S07-01859.

## VI.
## Claim for Relief

**A.     First Claim:**

Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 13 through 20 herein that his First Amendment to the U.S. Constitution was violated.

**B.     Second Claim:**

Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 21 through 28 herein that his First and Fourteenth Amendment to the U.S. Constitution was violated.

**C.     Third Claim:**

Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 29 through 32 herein that his First and Fourteenth Amendment to the U.S. Constitution was violated.

**D.     Fourth Claim:**

Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 33 through 36 herein that his First Amendment to the U.S. Constitution was violated.

**E.     Fifth Claim:**

Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 37 through 40 herein that his First Amendment to the U.S. Constitution was violated.

**F.     Sixth Claim:**

Plaintiff re-alleges and incorporate by reference the allegations in paragraphs 41 through 45 herein that his First and Fourteenth Amendment to the U.S. Constitution was violated.

## VII.
## Prayer for Relief

Plaintiff declares under the penalty of perjury that the foregoing "Statement of Facts" are true and correct under the laws of the United States and respectfully prays for the following relief:

a.) That the Court enters judgment declaring the acts of the Defendants violated Plaintiff's constitutional rights protected under the U.S. Constitution;

b.) That the Court issue an injunction to prohibit the Defendants from placing a limit on the number of books and correspondence material that Plaintiff may possess;

c.) That the Court award Plaintiff compensatory damages in the amount of $600.00 for disposing his legal books;

d.) That the Court award Plaintiff punitive damages in the amount of $2,000.00 from each Defendant;

e.) That the Court award Plaintiff reimbursement fees for the costs of litigating this civil complaint;

f.) That the court grant such other further relief to Plaintiff as this Court deems appropriate.

Dated: July 10, 2008

Irvin Tatum
Plaintiff in pro-se

## PROOF OF SERVICE BY MAIL

(C.C.P. Section 101(a) # 2015.5, 28 U.S.C. 1746)

I, **Irvin T. Tatum**, am a resident of Pelican Bay State Prison, in the County of Del Norte, State of California. I am over eighteen (18) years of age and am a party to the below named action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the **10th** day of **July**, in the year of 20**08**, I served the following documents: (set forth the exact title of documents served)

**Amended Civil Complaint**

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

**U.S. District Court**
**Northern Dist. of Calif.**
**450 Golden Gate Ave.**
**San Francisco, CA**
**94107**

I declare under penalty of perjury that the foregoing is true and correct.

Dated this **10th** day of **July**, 20**08**.

Signed: _____
(Declarant Signature)

Rev. 12/06