United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN TERRELL TATUM, | No. C 08-2357 WHA (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| CHRIS WILBER, DIANE DEPEW, ROBERT HOREL, D. JAMES, M. FOSS, M. WHITMAN, T. HILL, and C. A. UPTERGROVE, | |
| Defendants. / | |

This is a civil rights case filed pro se by a state prisoner. In the initial review order it was noted that some claims were sufficient to require a response, but most were dismissed with leave to amend. Plaintiff has amended. The amended complaint now will be reviewed to determine if it should be allowed to proceed. *See* 28 U.S.C. 1915A(a).

**DISCUSSION**

**A.    CLAIM ONE**

Plaintiff contends that on July 11, 2007, defendant Wilber, without cause, rejected his attempt to file an administrative appeal (grievance) regarding deliberate indifference to a serious medical need. He contends that because of the federal exhaustion requirement, *see* 42 U.S.C. 1997e(a), he thus was unable to file suit on the claim. This is sufficient to state a claim that Wilber violated his right of access to the courts. His other claim in this section, that his

First Amendment rights were violated when Wilber refused to entertain certain of his grievances, does not state a claim and will be dismissed. *See Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991) ("[A] prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance.").

### B.  CLAIM TWO

Petitioner contends that defendants Whitman, Foss and Depew have prevented him from writing to various friends and intercepted incoming letters from family members and others, all with no legitimate penological justification. This is sufficient to state a claim against them.

### C.  CLAIM THREE

Petitioner contends that his First Amendment rights were violated when defendant Uptergrove charged him with a rules violation for the contents of letters he wrote in March of 2007. This is sufficient to state a claim against Uptergrove.

### D.  CLAIM FOUR

Plaintiff alleges that Depew has opened incoming legal mail from his attorneys outside his presence, pursuant to a policy created by defendant Horel. This claim was found sufficient to require a response in the initial review order.

### E.  CLAIM FIVE

Plaintiff contends that defendant Horel has instituted a policy of allowing him only forty envelopes and three writing tablets per month, which restricts his correspondence. Assuming that the restrictions are on materials that plaintiff purchases with his own funds, this is sufficient to state a claim.

### F.  CLAIM SIX

Plaintiff contends that defendant T. Hill confiscated all of his legal and business books, and that defendant Horel allows him to possess only five personal books and magazines, even though his books did not exceed the limit on the amount of allowable personal property. This is sufficient to state a claim against Hill and Horel.

///

///

**CONCLUSION**

1. Plaintiff's motion for an extension of time to file his amendment (document number 3 on the docket) is **GRANTED**. The amendment is deemed timely.

2. Plaintiff contention that defendant Wilber violated his First Amendment rights by refusing to consider some of his grievances is **DISMISSED**. Because plaintiff makes no allegations regarding defendant D. James, the claims against him or her are **DISMISSED**.

3. The other claims are sufficient to proceed. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter and copies of this order upon the following defendants: Chris Wilber, Appeals Coordinator; Dianne Depew, Mailroom Supervisor; Robert Horel, Warden; M. Foss, Captain; M. Whitman, Correctional Officer; T. Hill, Correctional Officer; C. A. Uptergrove, Captain, all at Pelican Bay State Prison.

4. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION),"

3

which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

   c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the date of service of the opposition.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

 5. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

 6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 10, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.08\TATUM2357.SERV.wpd

4

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.